STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

JAY JOHNSON (*admitted pro hac vice*)
State Bar No. 24067322
D. BRADLEY KIZZIA
State Bar No. 11547550
KIZZIA JOHNSON, PLLC
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

*Attorney(s) for Display Technologies, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC**, <br><br>*Plaintiff,*<br><br>v.<br><br>**MOCACARE CORP.**,<br><br>*Defendant.* | **CASE NO.: 5:22-cv-00219-EJD**<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Date: December 15, 2022<br>Time: 9:00 a.m.<br>Courtroom: Courtroom 4, 5th floor<br>Judge: Hon. Edward J. Davila |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on December 15, 2022, at 9:00 a.m., or as soon thereafter as the motion may be heard, in the courtroom of the Honorable Edward J.

Davilla located at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building, San Jose in Courtroom 4, 5th Floor, Plaintiff Display Technologies, LLC ("Plaintiff" and/or "Display") will and hereby do move for default judgment against Defendant Mocacare Corp.

This Motion is based upon this Notice of Motion and Motion, the pleadings and papers filed herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: July 14, 2022                     Respectfully submitted,

/s/Jay Johnson
**JAY JOHNSON (*admitted pro hac vice*)**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

Stephen M. Lobbin
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

***Attorney(s) for Plaintiff***

**TO THE HON. EDWARD J. DAVILA, UNITED STATES DISTRICT JUDGE, NORTHERN DISTRICT OF CALIFORNIA:**

Pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.3, Plaintiff Display Technologies, LLC ("Plaintiff" and/or "Display") brings this Motion for Default Judgment against Defendant, Mocacare Corp. ("Defendant" and/or "Mocacare"), and in support, states:

## I.
## BACKGROUND

1. On January 12, 2022, Plaintiff filed a Summons (Doc. 3) and Complaint (Doc. 1) against Defendant, alleging infringement of U.S. Patent No. 9,300,723 under 35 U.S.C. §§271. *See*, **Exhibit 1**.

2. On March 17, 2022, Plaintiff's process server personally served Defendant with the Summons and Complaint at Defendant's registered agent Harvard Business Services at 16192 Coastal Hwy, Lewes, DE 19958 (Doc. 15).

3. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant was required to answer or otherwise respond to the Complaint by April 7, 2022. Defendant failed to do so.

4. On May 3, 2022, Plaintiff requested a Clerk's Certificate of Default pursuant to Local Civil Rule 55.1 and Federal Rule of Civil Procedure 55(a) (Doc. 17).

**5.** On March 9, 2022, the Clerk of the Court issued the Clerk's Certificate of Default (Doc. 18). *See*, **Exhibit 2**.

## II.
## LEGAL STANDARD

6. "Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *Elec. Creations Corp. v. Gigahertz, Inc.*, No. 12-CV-1423, 2013 WL 3229125, at *3 (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).

7.     First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default. Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court. . . . Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.

8.     Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded. *See Mickalis Pawn Shop,* 645 F.3d at 137.

9.     The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor. *Belizare,* 61 F. Supp. 3d at 344.

## III.

## DEFAULT JUDGMENT IS PROPER

10.    Local Civil Rule 55.3 and Federal Rule of Civil Procedure 55 authorizes Plaintiff to seek, and the Court to enter, default judgment against a party who has failed to plead or otherwise defend an action.

11.    The Court possess jurisdiction over this action pursuant to Section pursuant to 28 U.S.C §§ 1331. Venue properly lies with this Court pursuant to 28 USC §1400(b) because Defendant is deemed to be a resident of this District and alternatively, Defendant committed the acts of infringement alleged in the Complaint within this District. *See,* **Exhibit 1, Complaint ¶7.**

12.    Defendant has not shown a meritorious defense to the action.

13.    Plaintiff will suffer prejudice if default judgment is not entered.

## IV.

## RELIEF REQUESTED

14.    Section 284 of the Patent Statute (35 U.S. Code § 284) envisages that a patentee is entitled to damages which are adequate to compensate for any kind of

infringement of his patents and that said compensation cannot be less than a reasonable royalty for the use made of the invention by the infringer.

15. Plaintiff respectfully submits that damages should be based upon a reasonable royalty and that the reasonably royalty should be calculated as set forth in the Attorney's Declaration. *See*, **Exhibit 3, ¶ 7-16**.

16. The amount of reasonable royalty according to this calculation is: $103,750.00.

17. At minimum, damages should be no lower than $22,166.67.

18. Plaintiff respectfully requests this Court to enter a default judgment in favor of the Plaintiff ordering Defendant to pay Plaintiff damages in the amount of $103,750.00, but no less than $22,166.67.

Dated: July 14, 2022                    Respectfully submitted,

/s/Jay Johnson
**JAY JOHNSON (*admitted pro hac vice*)**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

Stephen M. Lobbin
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

***Attorney(s) for Plaintiff***

# CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

*/s/Jay Johnson*
**JAY JOHNSON (*admitted pro hac vice*)**