# EXHIBIT 3

STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

JAY JOHNSON (*admitted pro hac vice*)
State Bar No. 24067322
D. BRADLEY KIZZIA
State Bar No. 11547550
KIZZIA JOHNSON, PLLC
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

*Attorney(s) for Display Technologies, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>MOCACARE CORP.,<br><br>    *Defendant*. | CASE NO.: 5:22-cv-00219-EJD<br><br>**PATENT CASE**<br><br>**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

I, Jay Johnson, lead attorney for Display Technologies LLC, hereby declare and state as follows:

1) The party against whom judgement is sought is not an infant, incompetent, or in military service.

2) On January 12, 2022, Plaintiff Display Technologies LLC ("Plaintiff" and/or "Display") filed a complaint against Defendant Mocarcare Corp. ("Defendant" and/or "Mocacare") alleging infringement of U.S. Patent No. 9,300,723 (the '723 Patent) titled "Enabling social interactive wireless communications," by Defendant making, selling an/or using the MOCACARE health app, MOCACARE BP monitor, associated software, hardware and/or apps, and any similar products.

3) Service was properly effectuated by serving Defendant at The Corporation Trust Company located at Harvard Business Services at 16192 Coastal Hwy, Lewes, DE 19958 on March 17, 2022.

4) Defendant was required to file an answer to the complaint on April 7, 2022.

5) Defendant has defaulted in the appearance in the action because to date, it has not filed an answer or otherwise responded to the complaint.

6) On May 9, 2022, the Clerk of the Court issued the Clerk's Certificate of Default.

7) In evaluating damages for patent infringement, several factors must be examined, including but not limited to:

    a. The Defendant's use of the technology that the subject patent covers, and

    b. The Defendant's revenue derived from that usage.

8) Per ZoomInfo.com, Defendant, has an annual revenue of less than 5 million dollars. *See*, **Exhibit A**.

9) Based on figures from www.owler.com obtained on July 11, 2022, Defendant has an Estimated Annual Revenue of 100 thousand dollars to 5 million

dollars per year. *See*, **Exhibit B**.

10) According to Defendant's YouTube video demonstrating its MOCACuff Automatic Wrist Blood Pressure Monitor, Defendant has been using its technology covered by '723 Patent at suit since at least November 21, 2016. *See*, **Exhibit C**.

11) Without the benefit of discovery from Defendant and based on information and belief including **Exhibits A through C**, Display believes that Defendant has relied upon and utilized the technology embodied in the '723 Patent for a substantial portion of Defendant's business. *See*, **Complaint at ¶11-25.** Based on publicly available information, Plaintiff estimates Defendant's revenue at $2.5M per year.

12) Plaintiff believes Defendant has been using the patented technology for at least five years. *See*, Exhibit C (YouTube screenshot). Accordingly, Plaintiff believes that the base revenue appropriate for use in a damages calculation is 5 times $2.5M, or $12.5M.

13) It is generally well-known and accepted that average royalty rates for patent licensing range from 3 to 6% of gross sales. Moreover, these rates are consistent with the information that the Plaintiff has been aware of for many years.

14) Based on the foregoing, Display believes a reasonable royalty in this case can be calculated as follows:

    a. Defendant utilizing the technology embodied in the '723 Patent to produce 25% of its revenue. The base total revenue $12.5M. Therefore, the revenue attributable to infringing uses is 25% of $12.5M, or $3.125M.

    b. Defendant should be assessed a conservative 3% royalty on its usage.

    c. Based on the above factors, Display calculates a reasonable royalty of 3% of $3.125M, or $93,750.

    d. Attorney's fees and costs in this case are at least $10,000.00 USD. Plaintiff can provide supplemental evidence of such fees.

e. Thus, damages based on a reasonable royalty can be calculated as $93,750.00 plus $10,000.00 [attorney's fees and costs], equaling $103,750.

15) Alternatively, Display has previously licensed the '723 Patent, ranging from one-time payments of $10,000 to $57,500 U.S.D. in exchange for a license for the life of the '723 Patent. The average license payment is $22,166.67.

16) Thus, Display believes that the appropriate measure of damages should be $103,750, but no less than $22,166.67 U.S.D.

17) This amount sought is justly due and owing, and no part has been paid.

Dated: July 14, 2022

/s/Jay Johnson
Jay Johnson
KIZZIA JOHNSON, PLLC
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201

# EXHIBIT A



Leads by Industry    Top Companies    Solutions    Pricing    Our Data    Sign Up

Overview    Competitors    Org Chart

Search for a contact or company

Advanced Search

# MOCACARE

Manufacturing · California, United States · <25 Employees

Get Full Access

## Who is MOCACARE

MOCACARE is composed of a multidisciplinary team with a vision to combine health, technology, design, and comfort. Our team of scientists, engineers, designers,... Read More

- **Headquarters:** 1755 E Bayshore Rd, & 10B, Ste 10A, Redwood City, California, 94063, United States
- **Phone Number:** (650) 614-1680
- **Website:** www.mocacare.com
- **Revenue:** <$5 Million

MOCACARE's Social Media   

✓ Is this data correct?    👤 View contact profiles from MOCACARE

SIC Code 38,384    NAICS Code 33,334    Show More

**Popular Searches:**
Mocacare Corp    MocaCare    MOCA CARE    forti.mocacare.com    store.mocacare.com

Manufacturing    Medical Devices & Equipment

# EXHIBIT B



# EXHIBIT C

