UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOCACARE CORP.,<br><br>　　　　Defendant. | Case No.  5:22-cv-00219-EJD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: ECF No. 22 |

Plaintiff Display Technologies, LLC brought suit against Defendant Mocacare Corp. for patent infringement. Compl., ECF No. 1. Defendant has neither answered nor appeared in the action, and Plaintiff now moves for default judgment. The Court finds the motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having considered Plaintiff's moving papers, the Court **GRANTS** the motion for default judgment.

## I.   BACKGROUND

Plaintiff is a Texas limited liability company based in Ft. Lauderdale, Florida. Compl. ¶ 3. It is the owner by assignment of U.S. Patent No. 9,300,723 (the '723 Patent), titled "Enabling Social Interactive Wireless Communications." *Id.* ¶¶ 10-11. Defendant is a Delaware corporation based in Redwood City, California. *Id.* ¶ 4. It sells, among other products, the MOCACuff heartrate and blood pressure monitor. *Id.* ¶¶ 14-22. A consumer may connect the MOCACuff to her smartphone via Bluetooth, and through the MOCACARE app she may view and manage the health data collected by the MOCACuff. *Id.* Plaintiff alleges that this product infringes the '723 Patent. *Id.* ¶¶ 8-25.

Plaintiff filed this action on January 12, 2022, alleging a single claim of patent

Case No.: 5:22-cv-00219-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
1

infringement. Compl. Plaintiff served Defendant with the summons and complaint on March 17, 2022. ECF No. 15. After Defendant failed to appear or respond, Plaintiff moved for entry of default on May 3, 2022. ECF No. 17. The Clerk of the Court entered default on May 9, 2022. ECF No. 18. On July 14, 2022, Plaintiff filed the motion for default judgment now before the Court, and it served a copy on Defendant the following day. ECF Nos. 22, 23. To date, Defendant still has not appeared in this action, nor has Defendant otherwise responded or defended this action.

## II. LEGAL STANDARD

Courts may grant default judgment if a party fails to plead or otherwise defend against an action for affirmative relief. Fed. R. Civ. P. 55(a). Discretion to enter default judgment rests with the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When deciding whether to enter default judgment, a court considers:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the underlying default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In evaluating these factors, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## III. DISCUSSION

### A. Jurisdiction

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendant. *See In re Tulli*, 172 F.3d 707, 712 (9th Cir. 1999). Plaintiff alleges patent infringement under 35 U.S.C. § 271. Compl. ¶ 9. Because Plaintiff's claim arises under federal law, the Court has federal question jurisdiction. 28 U.S.C. § 1331. The Court has personal jurisdiction over Defendant under the California long arm statute, Cal. Code Civ. Proc. § 410.10, because Defendant maintains its principal place of business

Case No.: 5:22-cv-00219-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
2

in California. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (courts may exercise general jurisdiction over corporations with a principal place of business within the forum). Venue lies properly within this district pursuant to 28 U.S.C. § 1391, and service has been properly effected. ECF No. 15.

### B.   *Eitel* Factors

#### 1.   **Possibility of Prejudice to Plaintiff**

Under the first *Eitel* factor, the Court considers whether the plaintiff will suffer prejudice if default judgment is denied. *Bd. of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec., Inc.*, No. 5:19-CV-06456-EJD, 2020 WL 2838801, at *2 (N.D. Cal. June 1, 2020) (citing *PepsiCo, Inc. v. Cal. Security. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). A plaintiff is prejudiced if it would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. *JL Audio, Inc. v. Kazi*, No. 516CV00785CASJEM, 2017 WL 4179875, at *3 (C.D. Cal. Sept. 18, 2017).

Here, Plaintiff alleges that Defendant has infringed upon Plaintiff's patent. *See* Compl. ¶¶ 8-25. Since Defendant has not appeared in this matter, Plaintiff will be without any other recourse for recovery unless default judgment is granted. *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co.*, No. 5:18-cv-05561-EJD, 2020 WL 5847505, at *2 (N.D. Cal. Sept. 30, 2020). The first *Eitel* factor weighs in favor of entering default judgment. *Id.*

#### 2.   **Substantive Merits and Sufficiency of the Complaint**

Courts often consider the second and third *Eitel* factors together. *I.B.E.W. Local 332*, 2020 WL 2838801, at *2 (citing *PepsiCo*, 238 F. Supp. 2d at 1175). These factors assess the substantive merits of the movant's claims and the sufficiency of the pleadings. The movant must "state a claim on which [it] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (citation omitted).

Here, Plaintiff alleges patent infringement under 35 U.S.C. § 271. Compl. ¶¶ 8-25. To state a claim for patent infringement under 35 U.S.C. § 271, Plaintiff must establish the following five elements: "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v)

Case No.: 5:22-cv-00219-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
3

point to the sections of the patent law invoked." *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-cv-05611-PJH, 2020 WL 513287, at *8, (N.D. Cal. Jan. 31, 2020) (quoting *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013)) (internal quotation marks omitted). Plaintiff has alleged every required element. Plaintiff alleges ownership of the '723 Patent and names the Defendant, Mocacare Corp. Compl. ¶¶ 4, 10 & Ex. A. Plaintiff also alleges that Defendant infringed the '723 Patent by making, using, and/or selling products that share the characteristics of Plaintiff's patented invention. *Id.* ¶¶ 13-22. This allegation also identifies 35 U.S.C. § 271(a) as the section of patent law invoked.

The Court finds that these allegations are sufficient to plead patent infringement, and Plaintiff therefore satisfies the second and third *Eitel* factors.

### 3. Sum of Money in Dispute

"When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trustees v. Core Concrete Cost., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). However, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* Here, Plaintiff seeks a reasonable royalty as well as attorneys' fees and costs, for a total judgment of between $22,166.67 and $103,750.00. Decl. of Jay Johnson ("Johnson Decl."), ECF No. 22-3 ¶¶ 8-16. The Court addresses the proper amount of judgment below, but here it finds that for the purpose of this *Eitel* factor, the proposed range is reasonably and sufficiently tailored to Defendant's misconduct.

### 4. Possibility of Dispute Concerning Material Facts

*Eitel* requires the Court to consider whether there is a possibility of a dispute over material facts. *Eitel*, 782 F.2d at 1471–72. Defendant has neither appeared nor defended this action, and Plaintiff's allegations stand undisputed. Upon entry of default by the Clerk of the Court, the factual allegations of the complaint related to liability are taken as true. *Shaw v. Five M, LLC*, No. 16-cv-03955-BLF, 2017 WL 747465, at *4 (N.D. Cal. Feb. 27, 2017). The Court finds that the possibility of dispute concerning material facts is minimal and does not weigh against default

Case No.: 5:22-cv-00219-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
4

judgment. *Oomph Innovations,* 2020 WL 5847505, at *4.

### 5. Excusable Neglect

The Court next considers whether Defendant's default is the result of excusable neglect. *Eitel*, 782 F.2d at 1472. Plaintiff served Defendant with the complaint and summons. ECF No. 15. There is no indication that Defendant's default is due to excusable neglect.

### 6. Strong Policy Favoring Decisions on the Merits

Although public policy strongly favors deciding each case on its merits, default judgment is appropriate where a defendant refuses to litigate a case and where default judgment is the plaintiff's only recourse against the defendant. *See Core Concrete,* 2012 WL 380304, at *4; *Carlson Produce, LLC v. Clapper*, No. 18-cv-07195-VKD, 2020 WL 533004, at *5 (N.D. Cal. Feb. 3, 2020); *see also United States v. Roof Guard Roofing Co.*, No. 17-cv-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome."). Here, Defendant has not appeared and apparently refuses to litigate. *Oomph Innovations,* 2020 WL 5847505, at *4. Thus, this *Eitel* factor also favors default judgment.

\*   \*   \*

Overall, the *Eitel* factors support default judgment. Therefore, the Court **GRANTS** Plaintiff's motion for default judgment.

### C. Relief Requested

#### 1. Damages

Section 284 of the Patent Act requires courts to award the patent owner "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. Here, Plaintiff seeks a reasonable royalty and offers two calculations of that amount in the alternative.

First, Plaintiff calculates the reasonable royalty based on Defendant's revenues from infringing products. Plaintiff begins with public sources pegging Defendant's annual revenues between $100,000 and $5 million. Johnson Decl. ¶¶ 8-9. From this, Plaintiff assumes that

Defendant's annual revenues are $2.5 million. *Id.* ¶ 11. Then, from a YouTube video dated November 21, 2016, Plaintiff infers that Defendant hsd been selling infringing products for at least five years. *Id.* ¶¶ 10, 12. Plaintiff multiplies the yearly revenue by five years to derive a total revenue of $12.5 million, of which it assumes 25%, or $3.125 million, is attributable to infringing products. *Id.* ¶¶ 12, 14. Multiplying that number by what it terms a "conservative" royalty of 3%, Plaintiff comes out with its final number: $93,750. *Id.* ¶¶ 13-14.

At multiple steps throughout its calculation, Plaintiff makes assumptions without any discernable basis, including assumptions about Defendant's yearly revenue and the amount of revenue attributable to infringing products. The Court therefore finds that this damage calculation lacks foundation and is too speculative to support judgment.

However, Plaintiff's alternative calculation is a fair measure of damages. For this second calculation, Plaintiff refers to previous licenses it granted for the '723 Patent. These licenses varied from one-time payments of $10,000 to $57,500, with an average license payment of $22,166.67. *Id.* ¶ 15. The Court finds that this calculation is reasonable and sufficiently concrete, so it **GRANTS** Plaintiff's request for $22,166.67 as a reasonable royalty.

### 2.     Attorneys' Fees

Pursuant to Section 285 of the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Court may use its discretion to determine whether this case is "exceptional." *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2017). "Criteria for declaring a case exceptional include willful infringement, bad faith, litigation misconduct, and unprofessional behavior." *Govino, LLC v. WhitePoles LLC*, No. 4:16-CV-06981-JSW (KAW), 2017 WL 6442187, at *11 (N.D. Cal. Nov. 3, 2017), *report and recommendation adopted*, 2017 WL 6442188 (N.D. Cal. Dec. 11, 2017) (citing *nCube Corp. v. Sea Change Int'l, Inc.*, 436 F.3d 1317, 1319 (Fed. Cir. 2006)). Plaintiff has provided no evidence of exceptional circumstances, so the Court **DENIES** Plaintiff's request for attorneys' fees.

Case No.: 5:22-cv-00219-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
6

### 3. Costs

Prevailing parties are entitled to recover costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920.  Under 35 U.S.C. §§ 284-85, courts have discretion to award non-taxable costs and expenses irrespective of whether a case is found to be "exceptional."  *See Central Soya Co., Inc. v. Geo A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) ("[W]e interpret attorney fees [under § 285] to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit."); *see also Lam, Inc. v. Johns–Manville Corp.*, 718 F.2d 1056, 1069 (Fed. Cir. 1983) ("[S]ection 285 permits the prevailing party to recover disbursements that were necessary for the case.").  The Court **GRANTS** Plaintiff's request for costs.  However, Plaintiff has not submitted any evidence of costs and therefore must file any such evidence before the Court enters judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment.  Plaintiff shall file supplemental evidence of its costs within **seven (7) days** of this Order.

**IT IS SO ORDERED.**

Dated: March 31, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-00219-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
7